UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMEEL IBRAHIM,**<br><br>　　　　　**Plaintiff,**<br><br>v.<br><br>**NEW JERSEY OFFICE OF THE ATTORNEY GENERAL, KOREA RODRIGUEZ (K.R.), AND KOCEYDA HOPKINS,**<br><br>　　　　　**Defendants.** | Civ. No. 19-15405 (KM) (JBC)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Pending before the Court is the motion to dismiss filed by the Attorney General for the State of New Jersey ("NJAG") (DE 10) The NJAG moves to dismiss the Amended Complaint (DE 8) filed by Plaintiff Jameel Ibrahim, *pro se*. Mr. Ibrahim brings this action to quash what he states is a "quasi-contract" established between himself and Defendants as a result of a New Jersey state court child support order entered under "title IV." (*See* DE 1 at 1) Mr. Ibrahim opposes the NJAG's motion. (DE 13, DE 16)

This is the second such action filed in this District by Mr. Ibrahim to vacate a child support order. *See* Civ. No. 18-3461. Accordingly, for the reasons explained in this opinion, I will grant Defendant's motion (DE 10) and dismiss the Amended Complaint.

**I.   Summary**[1]

Prior to filing his complaint in this action, Mr. Ibrahim filed a similar complaint on March 12, 2018 naming as a defendant NJAG. (*See* 18-cv-3461 at

---

[1]　Citations to the record will be abbreviated as follows. Citations to page numbers

1

DE 1) The complaint was predicated upon a child support order issued by a New Jersey state court. (*Id.* at DE 1 ¶ 1). Mr. Ibrahim sought "to vacate the [state court] child support order" under Federal Rule of Civil Procedure 60(b). (*Id.* ¶ 12). Thereafter, the NJAG moved to dismiss. (*Id.* at DE 17) On January 16, 2019, I granted defendant's motion to dismiss (*id.* at DE 63) and issued an order dismissing the complaint without prejudice to the submission of a motion to amend. (*Id.* at DE 64) Mr. Ibrahim then filed a number of documents which I construed as a motion to amend. (*Id.* at DE 66, 74, 74, 75) Plaintiff's amended pleadings asserted the following causes of action: (1) Invasion of privacy; (2) Depravity of rights under the color of law; (3) Trespassing on property; (4) Misrepresentation of material facts; (5) Defamation of character; (6) Use of his name for commercial purposes; (7) Mental stress/extreme emotional stress; (8) Assault and battery; (9) Threat of false imprisonment; and (10) Identity theft.

While that motion to amend remained pending, on July 15, 2019, Mr. Ibrahim filed this separate action naming the NJAG as a Defendant. On February 5, 2020, Mr. Ibrahim filed an Amended Complaint in this action, this time adding Korea Rodriquez, and Koceyda Hopkins as Defendants. Only the NJAG has been served, however.

The Complaint and Amended Complaint in this action make identical claims. In essence, Mr. Ibrahim contests a child support order from 4/26/2000 entered before Korea Rodriguez, an Essex County hearing officer, requiring him to pay support to Koceyda Hopkins. (AC at 1–2) Mr. Ibrahim directs this Court to a document labeled "exhibit 1 . . . #OCSS49-50" but he has not provided this document. He cites to "NJAC 10:110-1.1" (*Id.*) which states:

> Title IV-D of the Social Security Act, known as the Program for Child Support Enforcement and Establishment of Paternity, was established by Part B of P.L. 93-647 in 1975. Title IV-D charges the Child Support Program with locating alleged fathers and non-

---

refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated:

"DE" = Docket entry number in this case.

"AC" = The Amended Complaint filed by Mr. Ibrahim. (DE 8)

> custodial parents, establishing paternity, and obtaining, enforcing, and modifying support obligations (both monetary and medical support) owed by non-custodial parents to their children in both, as defined in this chapter, intrastate and intergovernmental cases. As used in this chapter, the terms "child support" and "Title IV-D" are interchangeable.

As he did in the 18-3461 Action, Mr. Ibrahim contests the validity of his child support order under Title IV-D. (*See, e.g.*, 18-cv-3461 at DE 20) He asserts that the child support order is a contract he was forced to enter with the State of New Jersey, which is unenforceable because, says Mr. Ibrahim, it was based on "fraud, illegality, duress, and mutual mistake" and was the product of unequal bargaining power as between himself and the State. (AC at 1-2)

In this action, Mr. Ibrahim brings nearly all of the claims he asserted in the 18-cv-3461 Action: (1) Invasion of privacy; (2) [Deprivation] of rights; (3) Trespassing; (4) Misrepresentation; (5) Defamation; (6) Use of name for commercial purpose; (7) Emotional distress; (8) Assault and battery; and (9) Threat of false imprisonment.

## II.   Discussion

### A.   Legal standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of [his or her] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Where a plaintiff, like Mr. Ibrahim, is proceeding *pro se*, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993); *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

### B. Failure to State a Claim

Even a *pro se* complaint must give the defendants fair notice of what a plaintiff's claim is and the grounds upon which it rests. *See* Section II.A, *supra*; *Schulsinger v. Perchetti*, No. 15-5752, 2016 WL 475303, at *3 (D.N.J. Feb. 8, 2016). This complaint fails to meet those minimal standards. Accordingly I will dismiss all nine of Plaintiff's claims: invasion of privacy, deprivation of rights under the color of law, trespassing on property, misrepresentation of material facts, defamation of character, mental stress, assault and battery, and threat of false imprisonment.

As stated above, a plaintiff must provide the "'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions . . . . [A] formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). Plaintiff fails to provide any allegations in support of some of his claims, such as deprivation of rights under the color of law and misrepresentation of material facts. (AC at 2) The scant details provided by Plaintiff for his remaining claims provide only the vaguest of allegations to challenge the state child support order. For example, Plaintiff's claim for invasion of privacy contends that "defendant use[d] plaintiff['s] name without his approval for [a] commercial purpose." (AC at 2)

My analysis when initially dismissing Mr. Ibrahim's complaint in 18-cv-3461 applies equally here. Mr. Ibrahim presents no allegations to support a legal claim to challenge the validity of the state court child support order:

> Mr. Ibrahim cites to the portion of the New Jersey Child Support Program Handbook that discusses how the putative father in a contested paternity case must submit to genetic testing at the request of either party or the child support agency. (DE 9 at 4). That is indeed the rule in New Jersey, which allows New Jersey courts to issue court orders requiring a putative father to take a genetic test. *See* N.J. Stat. Ann. § 9:17–48(d) (authorizing the court to order a party to submit to a genetic test upon the requesting parties' sworn statement "set[ting] forth the facts establishing a reasonable possibility" of paternity, among other grounds); N.J. Stat. Ann. § 9:17–41(b); *R.S. v. P.H.*, No. A-5782-10T4, 2013 WL 512595, at *2 (N.J. Super. Ct. App. Div. Feb. 13, 2013); *see also* 42 U.S.C. § 666(a)(5). Consequently, Mr. Ibrahim has not explained this paternity genetic test violated his rights.
> Nor does the complaint set forth the basis on which the results of even an invalidly administered paternity test—the accuracy of which is not questioned—must be suppressed. . . Without some connection between the assertions of improper implementation of the genetic test and the validity of the subsequent child court order, it is unclear what valid legal cause of action Mr. Ibrahim could be asserting.

(18-cv-3461 at DE 63) Accordingly, Mr. Ibrahim has failed to state a claim and Defendant's motion to dismiss (DE 10) is granted.

### C.    Claim Preclusion

In the alternative, because Mr. Ibrahim raises the same claims here as in 18-cv-3461, I will *sua sponte* dismiss this action based on claim preclusion. Claim or issue preclusion as between two federal actions is governed by federal

standards. Claim preclusion has three essential elements: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." *United States v. Athlone Indus.*, Inc., 746 F.2d 977, 983 (3d Cir. 1984). Issue preclusion bars relitigation of a legal or factual issue when "(1) the issue ... is the same as that involved in the prior action; (2) the issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment. *Peloro v. United States*, 488 F.3d 163, 174–75 (3d Cir. 2007) (citations omitted)." *SEC v. Lazare Indus., Inc.,* 294 F. App'x 711, 714 (3d Cir. 2008). The *res judicata* doctrines preclude all claims arising out of the same facts that were or could have been asserted in the prior action. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

All three requirements for application of claim preclusion are met:

**(1)** a final judgment on the merits was entered in the 18-3461 Action (*see* 18-3461 DE 93, 94);

**(2)** the suit involved the same parties; and

**(3)** this subsequent suit is based on the same causes of action as those in the 18-3461 Action.

Element **(1)** is satisfied as a final judgment on the merits was entered that dismissed the very claims Mr. Ibrahim is pursuing here. (*See* 18-cv-3461 at DE 1, 66, 73, 74, and 75) On January 16, 2019 I entered an opinion (DE 63) and order (DE 64) dismissing the complaint in the 3461 Action without prejudice. After further submissions from Mr. Ibrahim, I recently entered an opinion and order denying Plaintiff's motion to amend. (DE 93; DE 94) As a result, the 18-3461 action remained dismissed, and the dismissal ripened into dismissal with prejudice. *See* (18-3461 DE 95 (order clarifying that dismissal was with prejudice, as stated in the Opinion, DE 93 at 2)).

Regarding **(2)**, Plaintiff has brought this action against the same Defendant, movant NJAG.[2]

Element **(3)** is also satisfied. The underlying facts and claims asserted in the Amended Complaint here are the same as those asserted in the 18- 3461 Action. (*See generally* AC). In both actions, "the acts complained of and the demand for recovery are the same . . . No material fact is alleged in (the second action) that was not alleged in (the first).... Everything plaintiff was entitled to ask for from defendant was included in (the first action)." *Davis v. U.S. Steel Supply, Div. of U.S. Steel Corp.*, 688 F.2d 166, 171 (3d Cir. 1982). In both actions, Mr. Ibrahim seeks to challenge the issuance of a New Jersey court order requiring him to pay child support. Indeed, the claims in the amended complaint filed here repeat nearly verbatim matters asserted in the 3461 Action (*See* 18-cv-3461 at DE 73; DE 74; DE 75). Accordingly, there are no claims or allegations brought in this action that have not been asserted and dismissed in the 3461 Action. *Res judicata,* as noted above, applies to bar the same claims, as well as those arising from the same facts.

To the extent Mr. Ibrahim sought to file this action to challenge errors in the 18-3461 Action, those efforts must be rejected. The appropriate avenue for such a challenge is not to file a separate, duplicative district court action. It is to file an appeal to the United States Court of Appeals for the Third Circuit. *See Olaniyi v. Alexa Cab Co.*, 239 F. App'x 698, 699 (3d Cir. 2007) (to challenge district court decision, plaintiff must either move for reconsideration or seek appellate review, but may not bring new action before a district court judge).

Indeed, Mr. Ibrahim did attempt to file an appeal to the U.S. Court of Appeals for the Third Circuit in the 18-3641 Action. The Third Circuit

---

[2]    In the 18-3461 Action, I read a number of filings by Mr. Ibrahim very liberally as a proposal to amend the complaint. In those filings, Mr. Ibrahim at various points named Koceyda Hopkins and Korea Rodriguez ("KR"). Amendment was denied as futile, and those two defendants were never served in the 18-3461 Action. Koceyda Hopkins and Korea Rodriguez are named in this, the current action, but have never been served. Even giving the most liberal reading, however, no cause of action has been stated against them, and even if they had been served in both actions, *res judicata* would apply equally to them.

dismissed that appeal (18-3641 DE 73) because the dismissal of that action was not yet final. Now it is final. (*See* 18-3641 DE 93, 94, 95.) Mr. Ibrahim may now file an appeal in that action if he wishes to do so.

### III.   Conclusion

For the reasons stated above, the complaint in this action fails to state a claim. It is also precluded by the dismissal of the same or similar claims in the prior case, 18-cv-3461, and the denial of the motion to amend as futile. Accordingly, defendant's motion to dismiss this action is granted with prejudice, because further amendment would be futile.

An appropriate order follows.

Dated: July 27, 2020

/s/ Kevin McNulty
_____
**Kevin McNulty**
**United States District Judge**