# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMEEL IBRAHIM,** | Civ. No. 19-15405 (KM) (JBC) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **NEW JERSEY OFFICE OF ATTORNEY GENERAL,** **KOREA RODERIQUEZ,** **AND** **KOCEYDA HOPKINS** | |
| **Defendants.** | |

**KEVIN MCNULTY, U.S.D.J.:**

Before the Court are *pro se* Plaintiff Jameel Ibrahim's duplicate motions (DE 22; DE 24)[1] for reconsideration of this Court's July 27, 2020 Opinion and Order (DE 20; DE 21) dismissing Mr. Ibrahim's Amended Complaint (DE 8) with prejudice. For the reasons provided herein, I will deny the motions.

## I.    Summary

I write primarily for the parties and assume familiarity with the facts and procedural history. I relay only the most salient facts for determination of this motion.

On July 15, 2019, Mr. Ibrahim filed a Complaint against the New Jersey Office of Attorney General ("NJAG"). (Compl. at 1) On February 5, 2020, Mr.

---

[1]    Citations to the record will be abbreviated as follows. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated:

"DE" = Docket entry number in this case.

"Compl." = Plaintiff's Complaint (DE 1)

"Am. Compl." = Plaintiff's Amended Complaint (DE 8)

1

Ibrahim filed an Amended Complaint adding Korea Roderiquez and Koceyada Hopkins as defendants. (Am. Compl. at 1) The Complaint and Amended Complaint made identical claims contesting a child support order from April 26, 2000 entered before Korea Rodriguez, the hearing officer, requiring Mr. Ibrahim to pay support to Koceyada Hopkins. (Compl. at 1-2; Am. Compl. at 1-2) The Amended Complaint asserted the following claims: (1) Invasion of privacy; (2) Deprivation of rights; (3) Trespassing; (4) Misrepresentation; (5) Defamation; (6) Use of name for commercial purposes; (7) Emotional distress; (8) Assault and battery; and (9) Threat of false imprisonment. (Am. Compl. at 2-4)

Prior to the July 15 Complaint and February 5 Amended Complaint, Mr. Ibrahim filed a similar complaint on March 12, 2018 against Defendant NJAG. (*See* 18-cv-3461 at DE 1) That complaint was predicated upon the same child support order Mr. Ibrahim challenged in the latter Complaint and Amended Complaint. (*Id.* at DE 1 ¶1) Through amended pleadings in the 18-cv-3461 Action, Mr. Ibrahim asserted nearly the same claims as he raised in the February 5 Amended Complaint. (*See* DE 20 at 2)

On February 19, 2020, the NJAG moved (DE 10) to dismiss Mr. Ibrahim's February 5 Amended Complaint. On July 27, 2020, I granted that motion, with prejudice, for two reasons. First, I found that the Amended Complaint failed to state a claim because it failed to provide any allegations in support of some of Mr. Ibrahim's claims, such as deprivation of rights and misrepresentation, and provided scant details on the remaining claims. (DE 20 at 5-6) For the same reasons asserted with respect to the 18-cv-3461 Action, I found that Mr. Ibrahim presented no allegation to support a legal challenge to the validity of the state court child support order:

> Mr. Ibrahim cites to the portion of the New Jersey Child Support Program Handbook that discusses how the putative father in a contested paternity case must submit to genetic testing at the request of either party or the child support agency. (DE 9 at 4). That is indeed the rule in New Jersey, which allows New Jersey courts to issue court orders requiring a putative father to take a genetic test. *See* N.J. Stat. Ann. § 9:17–48(d) (authorizing the court to order a

2

> party to submit to a genetic test upon the requesting parties' sworn statement "set[ting] forth the facts establishing a reasonable possibility" of paternity, among other grounds); N.J. Stat. Ann. § 9:17–41(b); *R.S. v. P.H.*, No. A-5782-10T4, 2013 WL 512595, at *2 (N.J. Super. Ct. App. Div. Feb. 13, 2013); *see also* 42 U.S.C. § 666(a)(5). Consequently, Mr. Ibrahim has not explained this paternity genetic test violated his rights.
>
> Nor does the complaint set forth the basis on which the results of even an invalidly administered paternity test—the accuracy of which is not questioned—must be suppressed. . . Without some connection between the assertions of improper implementation of the genetic test and the validity of the subsequent child court order, it is unclear what valid legal cause of action Mr. Ibrahim could be asserting.

(DE 20 at 5 (quoting 18-cv-3461 at DE 63)) Therefore, I concluded that Mr. Ibrahim failed to state a claim and granted the NJAG's motion to dismiss the Amended Complaint. (DE 20 at 5).

In the alternative, I *sua sponte* dismissed the action based on claim preclusion because Mr. Ibrahim raised the same claims in the February 5 Amended Complaint as he had asserted in the 18-cv-3461 Action. As I explained, all three requirements of claim preclusion were satisfied: (1) there was a final judgment entered on the merits in the 18-cv-3461 Action; (2) the suit involved the same parties; and (3) the subsequent action was based on the same causes of action as those asserted in 18-cv-3461. (DE 20 at 6) Additionally, I found the doctrine of *res judicata* applied to bar the same claims because in both actions, Mr. Ibrahim sought to challenge the issuance of a state court order requiring him to pay child support, and the claims asserted in the February 5 Amended Complaint repeated nearly verbatim matters asserted in the 18-cv-3461 Action. (DE 20 at 7) Therefore, I found that there were no claims or allegations brought in this action that had not already been asserted and dismissed in the 18-cv-3461 Action.

Because further amendment would be futile, I granted the NJAG's motion to dismiss the Amended Complaint with prejudice. (DE 20 at 8). Mr. Ibrahim now seeks reconsideration of that order. (DE 22; DE 24)

## II. Discussion

### a. Legal standard

In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004).

A party seeking to persuade the court that reconsideration is appropriate bears the burden of demonstrating one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citation omitted); *see also Crisdon v. N.J. Dep't of Educ.*, 464 F. App'x 47, 49 (3d Cir. 2012) ("The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence.") (internal citation omitted). "The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter." *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014).

### b. Analysis

Here, Mr. Ibrahim does not present an intervening change in controlling law or allege the availability of new evidence that was not previously available. Indeed, Mr. Ibrahim cites to no law and points to no purported evidence that was not referred to in his prior pleadings. (*See* DE 22 at 3-5; DE 24 at 2-4). Mr.

Ibrahim explains that in seeking reconsideration he asks "this Court to conduct a judicial review to determine whether Jameel Ibrahim rights [were] violated and to determine with facts, whether Plaintiff has volunteer consent to an agreement set forth in Federal and State law." (DE 22 at 4; DE 24 at 3) In essence, Mr. Ibrahim seeks a second, plenary review of the July 27 decision, rather than pointing to new or overlooked facts or law. A mere disagreement with this Court's opinion is not sufficient to require reconsideration. *See Rich v. State*, 294 F. Supp. 266, 273 (D.N.J. 2018). As explained in the July 27 Opinion, if Mr. Ibrahim disagrees with the outcome the proper avenue is to file an appeal. Because Mr. Ibrahim has not satisfied the requirements of reconsideration and has not shown why that "extreme remedy" is warranted, his motion must be denied.

### III. Conclusion

For the reasons set forth above, I will deny Mr. Ibrahim's motions (DE 22; DE 24) for reconsideration.

An appropriate order follows.

Dated: December 31, 2020

/s/ Kevin McNulty

———————————————

**Kevin McNulty**
**United States District Judge**